UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FREDERICK BANKS, as Next Friend for
PHILLIP CHISM,

    Petitioner,

    v.

CENTRAL INTELLIGENCE AGENCY,
et al.,

    Respondents.

Civil Action No. 15-cv-14237-IT

## MEMORANDUM AND ORDER

July 21, 2016

**TALWANI, D.J.**

For the reasons set forth below, the Court denies the petition for a writ of habeas corpus.

**I.    Background**

On December 24, 2015, Frederick Banks filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, purportedly on behalf of Philip Chism. Banks is a federal pretrial detainee who is facing charges of interstate stalking. *See United States v. Banks,* Crim. No. 15-00168 (W.D. Pa.). Philip Chism was convicted in Massachusetts of murder and other crimes. He was represented by counsel and was awaiting sentencing at time Banks commenced this action. *See Commonwealth v. Chism,* 1377CR01446, 1477CR00109 (Essex Sup. Ct. Mass.).

Banks contends that Chism is being held in violation of federal law because he committed his crimes while under the control of "extreme electronic harassment by operators of the CIA." Pet. (D. 1) ¶ 2(a). Banks maintains that he has standing to bring this petition as "next friend" to Chism because he is also a "victim of electronic harassment." *Id.* ¶ 7.

The petition has not been served pending the Court's initial review of the action. *See* 28 U.S.C. § 2243 (providing that, if "it appears from the application [for a writ of habeas corpus] that the applicant . . . is not entitled [to the writ]," the district court is not required to serve the petition on the respondent).[1]

## II. Discussion

### A. Absence of "Next Friend" Status

The Court cannot adjudicate the substance of the petition because Banks does not qualify as a "next friend" of Chism. A petition for a writ of habeas corpus filed in a federal court "shall be in writing signed and verified by the person for whose relief it is intended *or by someone acting in his behalf.*" 28 U.S.C. § 2242 para. 1 (emphasis added). However, "'next friend' standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990). A "next friend" must (1) provide an "adequate explanation . . . why the real party interest cannot appear on his own behalf to prosecute the action"; and (2) be "truly dedicated to the best interests of the person on whose behalf he seeks to litigate." *Id.* "The burden is on the 'next friend' clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." *Id.* at 164. It "was not intended that the writ of habeas corpus should be availed of, as matter of course, by intruders or uninvited meddlers, styling themselves next friends." *Id.* (quoting *United States ex rel. Bryant v. Houston*, 273 F. 915, 916 (2d. Cir. 1921)).

---

[1] *See also* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (providing that, [i]f it "plainly appears from the face of the [habeas] petition . . . that the petitioner is not entitled to relief in the district court," the court "must dismiss the petition"). Rule 4 may be applied at the discretion of the district court to other habeas petitions. *See* Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts.

2

Here, Banks has not shown that he is a "next friend" to Chism. Banks has not provided an adequate explanation as to why Chism, who is represented by counsel, cannot appear on his own behalf. Likewise, he has not demonstrated that he is "truly dedicated" to Chism's interests. Banks's assertion that he and Chism are both victims of electronic harassment by government officials is insufficient to meet this requirement. Further, even if Banks qualified as a "next friend," Banks could only bring this case through an attorney. *See* 28 U.S.C. § 1654 (providing that "parties may plead and conduct their own cases personally or by counsel"); *see also Herrera-Venegas v. Sanchez-Rivera*, 681 F.2d 41, 42 (1st Cir. 1982) ("The federal courts have consistently rejected attempts at third-party lay representation. . . . By law an individual may appear in federal courts only pro se or through legal counsel." (citations omitted)).

B.   **Warning of Possible Sanctions**

Banks's attempt to proceed as "next friend" to a Massachusetts criminal defendant is part of a pattern of frivolous litigation that Banks has pursued throughout the federal district courts of this country. One federal district court reported recently reported that Banks has filed over 205 cases "dismissed as frivolous at the pleading stage" in eighteen federal district courts. *Banks v. Valaluka*, C.A. No. 15-01935, 2015 WL 7430077, at *1 (N.D. Ohio, Nov. 18, 2015). "When courts began to dismiss his civil actions under § 1915(g), Banks attempted to circumvent the statute by filing habeas petitions under 28 U.S.C. § 2241 or petitions for writs of mandamus to assert various civil rights violations." *Id.* Banks has also "expanded his efforts by filing cases and motions on behalf of other prisoners, often without their knowledge or consent." *Id.*, 2015 WL 7430077, at *2.

In 2008, Banks filed an action in the District of Massachusetts concerning the alleged theft of his property by President George Bush and others. Noting his history of filing frivolous

3

actions, the Court dismissed the action under 28 U.S.C. § 1915(g). *See Banks v. Sutherland*, C.A. No. 08-10880-JLT (D. Mass. May 28, 2008).

Banks is warned that, should he continue a course of abusive litigation in the Federal District Court for the District of Massachusetts, he could be subject to sanctions, including monetary sanctions and/or restrictions on his ability to file in this Court.

### III.  Conclusion

Accordingly, the petition for a writ of habeas corpus is DENIED. The Clerk shall dismiss this action.

**SO ORDERED.**

/s/ Indira Talwani
Indira Talwani
United States District Judge